**John CALLENDER, et al.**

v.

**ETHYL CORPORATION, et al.**

**Civ. A. No. 86–26–B.**

United States District Court, M.D. Louisiana.

Sept. 26, 1986.

Rhett R. Ryland, Dan M. Scheuermann, Baton Rouge, La., for plaintiff.

William A. Norfolk, Vicki M. Crochet, Taylor, Porter, Brooks & Phillips, Baton Rouge, La., for defendant.

POLOZOLA, District Judge.

This matter is before the Court on defendants' motion for summary judgment. No oral argument is required on this motion. For reasons which follow, defendants' motion for summary judgment is hereby GRANTED.

This suit was filed by John Callender, William B. Hamm, Parker Holden and Russell Todd against Ethyl Corporation and Earl McAllister, Inc. The plaintiffs allege that since 1946 they have been Ethyl employees and therefore entitled to certain employment benefits from Ethyl Corporation. Plaintiffs contend that the defendants have refused to pay these benefits which include life insurance, medical insurance, paid vacation, retirement benefits, severance pay and sick leave. It is plaintiffs' contention that Earl McAllister acted in concert with Ethyl Corporation to deprive the plaintiffs of these employment benefits.

In response to plaintiffs' suit, defendants argue that the plaintiffs are and have always been employees of McAllister who served as an independent contractor for Ethyl. Therefore, defendants contend that defendants are not Ethyl employees and are not entitled to any benefits from Ethyl Corporation. The plaintiffs admit that they were employed by McAllister. However, they argue that this employment relationship was a scheme on the part of the defendants to avoid paying them benefits. Plaintiffs argue that they are actually employees of Ethyl Corporation under the doctrine of statutory employee.

The defendants have filed a motion for summary judgment on several grounds. Because the Court concludes that the plaintiffs have failed to file a grievance under a collective bargaining agreement against either defendant, the Court finds that this suit is premature and should be dismissed. Therefore, it is not necessary to consider or discuss the other grounds raised by the defendants in their motion for summary judgment.

It is clear that any claim that plaintiffs may have against the defendants must arise out of the collective bargaining agreements.[1] In order to determine if plaintiffs' claims are valid, the Court must consider several provisions of these collective bargaining agreements.[2] Each of the collective bargaining agreements in this case contain a grievance provision. None of the plaintiffs have filed a grievance in accordance with the grievance procedures set forth in the collective bargaining agreement. The courts have strongly favored enforcement of the grievance provisions of the collective bargaining agreement. Thus in *Strachan v. Union Oil Co.,* 768 F.2d 703, 704–05 (5th Cir.1985), the Fifth Circuit Court of Appeals provided:

The law is completely clear that employees may not resort to state tort or contract claims in substitution for their rights under the grievance procedure in a collective bargaining agreement. The United States Supreme Court stated the rule most clearly and succinctly in *Republic Steel Corp. v. Maddox,* 379 U.S. 650, 653, 85 S.Ct. 614, 616, 13 L.Ed.2d 580 (1965)[.]

The United States Supreme Court has on several occasions reaffirmed its position that the grievance procedures under the collective bargaining agreement should be enforced. See *Allis-Chalmers Corp. v. Lueck,* 471 U.S. 202, 105 S.Ct. 1904, 1915,

---

**1.** All employees of Ethyl were covered by either an agreement with the United Steel Workers of America or an agreement with the Allied Oil Workers of America. All employees of McAllister were covered under agreements with Bricklayers Local No. 5 and Laborers Local No. 1177.

**2.** When a claim is based on interpretation of a collective bargaining agreement, federal law applies. 29 U.S.C. 185; *Allis-Chalmers Corp. v. Lueck,* 471 U.S. 202, 105 S.Ct. 1904, 1911, 85 L.Ed.2d 206 (1985).

**124**

85 L.Ed.2d 206 (1985); *Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 105–06, 82 S.Ct. 571, 577–78, 7 L.Ed.2d 593 (1962); *United Steel Workers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 581, 80 S.Ct. 1347, 1352, 4 L.Ed.2d 1409 (1960).

The record is clear in this case that plaintiffs have never filed grievances against either defendant in this matter under the collective bargaining agreement. Therefore, this suit is premature. The grievance procedures must be completed before this Court may act in this case.

Therefore:

IT IS ORDERED that defendants' motion for summary judgment be and it is hereby GRANTED.

IT IS FURTHER ORDERED that plaintiffs' suit be dismissed without prejudice.