**Eula SCOTT, Plaintiff,**

v.

**GENERAL MOTORS CORP.,
Defendant.**

No. 86–1089C(6).

United States District Court,
E.D. Missouri, E.D.

Oct. 22, 1986.

MacArthur Moten, St. Louis, Mo., for plaintiff.

James E. McDaniel, St. Louis, Mo., for defendant.

## ORDER AND MEMORANDUM

GUNN, District Judge.

IT IS HEREBY ORDERED that defendant's motion for summary judgment on Count I of plaintiff's complaint is granted.

IT IS FURTHER ORDERED that defendant's motion to dismiss Count II of plaintiff's complaint is granted.

This action is brought by a former employee of defendant General Motors Corp. The complaint alleges that after plaintiff was laid off as an assembly line worker, defendant refused to recall her according to her seniority as provided in ¶ 64(e) of the national collective bargaining agreement between defendant and plaintiff's union. The complaint further alleges that defendant rejected plaintiff's demand for reemployment, and advised plaintiff's union that plaintiff had not been recalled because her record indicated that she had pushed a supervisor before being laid off. Plaintiff, represented by her union, had previously successfully grieved the charge that she had pushed the supervisor, and as part of the relief plaintiff's record was to have been cleared of this incident.

Plaintiff originally filed a three-count complaint in state court. Count I of the complaint sought damages against General Motors Corp. for breach of the collective bargaining agreement by failing to recall plaintiff. Count II sought damages against General Motors Corp. for slander based on an alleged representation to the union that plaintiff had pushed a supervisor. In Count III plaintiff named both the union and General Motors Corp. as defendants but the factual allegations in this count related only to the union. Plaintiff sought damages for the union's intentional failure to see that her record was cleared following her successful grievance. On May 20, 1986 plaintiff dismissed the union as a party and struck all allegations as to that defendant. This amendment in effect dropped Count III from the complaint. On May 27, 1986 defendant General Motors Corp. removed the action to this Court.

Defendant General Motors Corp. now argues that it is entitled to summary judgment on plaintiff's claim that it breached ¶ 64(e) of the collective bargaining agreement, on the ground that plaintiff did not exhaust her contractual remedies. Defendant supports this motion with a copy of the collective bargaining agreement which establishes that the grievance procedure contained therein is mandatory, and with an affidavit of defendant's General Supervisor of Labor Relations at the plant where plaintiff was employed, averring that plaintiff never filed a protest grieving violation by defendant of ¶ 64(e), as required by the grievance procedure. Plaintiff has not responded to defendant's motion.

Plaintiff's contract claim is governed by federal labor law under § 301 of the Labor Management Relations Act of 1947 (LMRA), 29 U.S.C. § 185(a). *See, Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 105 S.Ct. 1904, 1910–11, 85 L.Ed.2d 206 (1985) (suit alleging violation of a provision of a labor contract must be brought under § 301 and be resolved by reference to federal labor law which preempts state contract law).

In *Vaca v. Sipes*, 386 U.S. 171, 184, 87 S.Ct. 903, 914, 17 L.Ed.2d 842 (1967), the Supreme Court established the general rule that before an employee may bring suit against his or her employer for breach of a collective bargaining agreement under § 301 of LMRA, the employee must "at least attempt to exhaust exclusive grievance procedures established by the bar-

gaining agreement." *Id.* The same case recognized exceptions to the general rule when (1) the conduct of the employer amounts to a repudiation of the contractual procedure, and (2) when a union wrongfully refuses to pursue the employee's grievance in breach of its duty of fair representation. *Id.*, 386 U.S. at 185, 87 S.Ct. at 914. *See also Smegal v. Gateway Foods of Minneapolis, Inc.*, 763 F.2d 354, 359 (8th Cir. 1985).

■ In the present case plaintiff alleged in Count I of her complaint that "all conditions precedent have been performed by plaintiff or have otherwise occurred." The Court concludes that in light of defendant's motion for summary judgment, this allegation is insufficient to create a factual dispute as to plaintiff's failure to exhaust (or even invoke) the contractual grievance procedures. Nor has plaintiff shown that either of the two above exceptions are applicable or that it would be futile to require her to seek relief through the contractual remedial procedures before allowing her to bring a suit in court. Accordingly, defendant's motion for summary judgment on Count I of plaintiff's complaint is granted.

For dismissal of Count II, defendant argues that plaintiff's defamation claim is preempted by federal labor law. A conclusion of such preemption would not in itself subject plaintiff's defamation claim to dismissal, as defendant seems to imply. Rather, plaintiff's failure to comply in some way with the federal law would also have to be established. The Court concludes that indeed plaintiff's state law claim in Count II is preempted by § 301 of LMRA, and further concludes that this claim should be dismissed because of plaintiff's failure to exhaust the grievance procedures established in the collective bargaining agreement.

■ As stated above, § 301 of LMRA preempts state contract claims alleging breach of a collective bargaining agreement. The preclusive effect of § 301, however, extends beyond suits alleging contract violations; it also affects state law tort claims, resolution of which are "substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract." *Id.* 105 S.Ct. at 1916· (employee's state tort action for breach of the duty of good faith in employer's handling of disability claim preempted and dismissed for failure to make use of grievance procedure established in the collective bargaining agreement). For an excellent overview of this doctrine see Kinyon & Rohlik, *"Deflouring" Lucas Through Labored Characterizations: Tort Actions of Unionized Employees"*, 30 St. Louis U.L.J. 1 (1985).

In *Moore v. General Motors Corp.*, 739 F.2d 311, 316–17 (8th Cir.1984), the Eighth Circuit held that an employee's fraud claim against her employer alleging detrimental reliance on the employer's promise of employment in a different city was preempted by federal labor law because the claim "essentially arose from the employment contract." *Id.* at 317. The Court held that because the employee never alleged compliance with the grievance procedures set forth in the collective bargaining agreement from which her transfer rights arose, the district court correctly dismissed the action.[1] *See also Strachan v. Union Oil Co.*, 768 F.2d 703 (5th Cir.1985) (employees' state tort claims based upon their suspension and investigation for possible disciplinary action preempted by collective bargaining contract).

■ The Court concludes that in the present case the conduct of defendant about which plaintiff complains in Count II essentially arises from plaintiff's right un-

---

1. In reaching its decision the Eighth Circuit relied in part on a line of cases which hold that there is exclusive federal jurisdiction over activities which are arguably within the scope of § 7 and § 8 of the National Labor Relations Act as amended, 29 U.S.C. § 157 and § 158, dealing with rights of employees to organize and with unfair labor practices. Preemption under § 7 and § 8 involves considerations related to but distinct from those involved when, as in the present case, preemption under LMRA § 301 is at issue. *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 105 S.Ct. 1904, 1911–12 n. 6, 85 L.Ed.2d 206 (1985).

der the collective bargaining agreement to be recalled, and that plaintiff's proper avenue of redress is through the grievance procedure provided by that agreement. Plaintiff never alleged that she sought to invoke her contractual remedies in regard to the alleged defamation claim, and has not set forth any basis for excusing her from this requirement. Count II of plaintiff's complaint is accordingly dismissed.