This is a defamation case. The appellee, Doyle Mays, was employed by the appellant, Reynolds Metals Company, Inc., as a furnace operator in the cast house at its reclamation plant in Sheffield, Alabama. On May 14, 1984, during the 11:00 p.m. to 7:00 a.m. shift, a fire was intentionally set in the office of Phillip Tays, the general foreman of the cast house. Reynolds's investigation of the fire turned up three suspects — Willie Gillis, Dub Givens, and Mays. The three suspects were suspended pending further investigation and were subsequently notified by telegram through the Western Union system that they were to take a polygraph test. Gillis passed the test and was reinstated to his job. Givens and Mays failed and were notified by telegram through the Western Union system that they were discharged.
Mays filed suit in circuit court claiming that the telegrams were defamatory and that there had been a publication to the Western Union employees. Mays also claimed that Raymond Graham, an investigator with Reynolds's industrial security department, had made a defamatory statement to Gary Holcombe, another furnace operator at the Sheffield plant. Graham made the statement during an interview with Holcombe when Graham said that he thought that Gillis, Givens, and Mays were involved in the fire.
At the trial of this action, a jury returned a verdict against Reynolds, assessing damages of $150,000 compensatory and $500,000 punitive. The court then rendered judgment in accordance with the jury verdict. Reynolds appeals from this judgment.
Reynolds claims that the state court lacks subject matter jurisdiction of this action, and that the judgment in favor of Mays is void, because Mays's state tort claim for defamation is preempted by § 301 of the Labor Management Relations Act,29 U.S.C. § 185. Reynolds raises this issue for the first time on appeal. Mays argues that federal preemption is an affirmative defense that must be affirmatively pleaded in order to avoid waiver. Mays cites as authority International Longshoremen'sAss'n, AFL-CIO v. Davis, 470 So.2d 1215 (Ala. 1985). However, that case was appealed to the United States Supreme Court, which held that a claim that state court proceedings are preempted by the provisions of the National Labor Relations Act, 29 U.S.C. § 151 et seq., is not a waivable affirmative defense but a challenge to the court's power to adjudicate the case so that such a claim must be addressed by the court whenever it is raised. International Longshoremen's Ass'n,AFL-CIO v. Davis, 476 U.S. 380, 106 S.Ct. 1904, 90 L.Ed.2d 389
(1986).
Thus, the question is before us as to whether the LMRA preempts the present action. In Allis-Chalmers Corp. v. Lueck, *Page 519 471 U.S. 202, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985), the Court held that a tort claim "inextricably intertwined with consideration of the terms of the labor contract" is preempted under § 301. Id., 471 U.S. at 213. The question, then, is whether Mays's claim is sufficiently independent of the collective-bargaining agreement to withstand the preemptive force of Section 301. International Bhd. of Elec. Workers,AFL-CIO v. Hechler, ___ U.S. ___, 107 S.Ct. 2161,95 L.Ed.2d 791 (1987).
The alleged defamatory statement by Graham was made during the investigation of the arson, as to which Mays was a suspect. The first telegram was sent to Mays to notify him that he was suspended and the second to notify him that he was discharged. To hold a company liable for defamation in a situation such as this would "simply mean that the company could never undertake to investigate a possible disciplinary situation in routine and proper ways." Strachan v. Union Oil Co., 768 F.2d 703, 706 (5th Cir. 1985). Gillis v. Reynolds Metals Co., No. CV 84-HM-5319-NW (N.D.Ala. January 27, 1986),[1] arose from the same incident as the present case. In holding that the suit was preempted by Section 301, the court cited the above passage from Strachan.
The decision was affirmed without a published opinion, by the Eleventh Circuit Court of Appeals. Gillis v. Reynolds MetalsCo., 802 F.2d 1398 (11th Cir. 1986), reh'g denied, 808 F.2d 61 (11th Cir. 1986).
The defamation action is preempted by § 301 of the LMRA and the judgment of the circuit court is void. Because a void judgment will not support an appeal, the appeal is due to be dismissed. Graddick v. McPhillips, 448 So.2d 333 (Ala. 1984);Underwood v. State, 439 So.2d 125 (Ala. 1983).
APPEAL DISMISSED.
MADDOX, JONES, BEATTY and HOUSTON, JJ., concur.
[1] The unpublished opinion of the district court was provided to this Court by Reynolds.