856 F.2d 196
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Randy SUFFEL, Plaintiff-Appellant,
v.
MANVILLE BUILDING MATERIALS CORPORATION and Ronald A.
Beymer, Defendants- Appellees.
 No. 86-3323.
 United States Court of Appeals, Sixth Circuit.
 Aug. 26, 1988.
 
 Before BOYCE F. MARTIN, Jr. and WELLFORD, Circuit Judges, and JULIA S. GIBBONS*, District Judge.
 PER CURIAM.
 
 
 1
 Randy Suffel, the plaintiff, was observed rolling a leafy substance into cigarette paper in the employee locker room at the Manville Building Materials Corporation ("Manville") plant. The observer was a Manville supervisor named Beymer who approached Suffel and asked him what he was doing, suspecting that he was engaged in marijuana use. According to Beymer, Suffel grabbed the bag containing the leafy substance, blew a spilled portion off of the locker room bench and onto the floor, and fled. Beymer was unable to catch Suffel, but identified him later in the supervisor's office. Beymer, however, collected the substance on the floor and gave it to the local police department, and the police identified it as marijuana.
 
 
 2
 Suffel's version of the episode was that he was rolling a cigarette when Beymer came into the locker room, grabbed him and took his tobacco bag. Beymer first told him to accompany him to the supervisor's office, but then changed his mind, gave him his tobacco back, and told him to return to work. Suffel denies he spilled anything on the floor, and denies that he had any marijuana. He insists the substance in the bag was tobacco.
 
 
 3
 When Suffel was called into the office later that day, Beymer told his version of what happened, and Suffel was fired for having marijuana and for disobeying Beymer's order to come with him to the office. Suffel filed a grievance with the union, which took the matter to arbitration. The arbitrator upheld Suffel's termination as proper under Manville's collective bargaining agreement with the union.
 
 
 4
 Suffel then filed an action in Defiance County Common Pleas Court alleging defamation by Beymer and his employer, Manville. The defamatory statement alleged was Beymer's claim to the company that Suffel had brought marijuana onto the Manville premises. The action was removed to the district court, where Manville moved for summary judgment based partly on federal labor law preemption. Suffel and his attorney failed to respond to the summary judgment motion, and Judge Nicholas J. Walinski granted it.
 
 
 5
 Suffel made no response to Manville's motion for summary judgment. Fed.R.Civ.P. 56(c) requires a party opposing summary judgment to come forward with proof beyond mere allegations or risk dismissal. Where parties have failed to do this, we have not hesitated to uphold dismissals. Kendall v. Hoover Co., 751 F.2d 171 (6th Cir.1984); Curtis v. Teamsters, 716 F.2d 360 (6th Cir.1983). The defendant, however, is still required to show that there is no issue of material fact and that it is entitled to judgment as a matter of law. Kendall, 751 F.2d at 173-74.
 
 
 6
 The district court decided that Suffel's claim could be dismissed on the basis of federal labor law preemption. The focus of the decision was on whether a defamation action had "a more tenuous relationship with the parties' collective bargaining agreement than do the suits which are found to be preempted." In deciding the issues raised could not avoid application of the preemption doctrine, the court relied on Strachan v. Union Oil Co., 768 F.2d 703 (5th Cir.1985). Strachan held an employee's defamation action against his employer to be preempted because the court believed the action could only be dealt with through union grievance procedures. 768 F.2d at 704. But see Allis-Chalmers Corp. v. Lueck, 471 U.S. 202 (1985), and Lingle v. Norge Division of Magic Chef, Inc., --- U.S. ----, 108 S.Ct. 1877 (1988) (preemption does not follow automatically from the mere presence of a collective bargaining agreement). We find it unnecessary to decide whether the preemption question was properly decided in this case.
 
 
 7
 Suffel's proof, in the face of defendant's motion, does not make out a sufficient factual dispute to avoid the grant of summary judgment. We affirm the district court on this basis, despite the fact that the district court decided the case on other grounds. Dandridge v. Williams, 397 U.S. 471, 475-76 n. 6 (1970); Pilarowski v. Macomb County Health Dept., 841 F.2d 1281, 1285 (6th Cir.1988).
 
 
 8
 As stated above, Suffel's action requires proof that Beymer made a false statement under circumstances that a reasonable man would have known it was false. Hersch v. E.W. Scripps Co., 3 Ohio App.3d 367, 445 N.E.2d 670 (1981). Suffel has simply not demonstrated that a triable issue on this element exists. Kendall, 751 F.2d at 173-74. Suffel merely claims that he did not have marijuana at the critical time. The real question is whether Beymer should have realized Suffel did not have marijuana, as he claims.
 
 
 9
 Evidence in the case reflects that Manville was concerned that its employees were smoking marijuana at work. Whether or not the substance in Suffel's pouch was marijuana or tobacco, the fact that he was admittedly rolling cigarettes in an isolated part of the plant would entitle Beymer to conclude reasonably and logically that the substance being used by Suffel was marijuana. Suffel does not dispute that marijuana was found on the floor where he was sitting, and he admits that no one has seen what was in his pouch. He did not produce the claimed contents. We conclude that any rational jury would find Beymer acted reasonably in accusing Suffel of having marijuana, and we affirm summary judgment because of this. Anderson v. Liberty Lobby, Inc., 477 U.S. 202 (1986). The fact that Suffel fled upon Beymer's approach is also strong circumstantial evidence favoring the result we reach.
 
 
 10
 We AFFIRM the judgment for defendant Manville.
 
 
 
 *
 THE HONORABLE JULIA S. GIBBONS, United States District Court for the Western District of Tennessee, sitting by designation