Theodore J. HORNE, Jr., Plaintiff,

v.

SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY,
Defendant.

No. 92–0407–CIV.

United States District Court,
S.D. Florida.

June 23, 1992.

Stanley Jay Bartel, Miami, Fla., for plaintiff.

Robert G. Beatty, Miami, Fla., Francis B. Semmes, Atlanta, Ga., for defendant.

ORDER AND MEMORANDUM OPINION DENYING PETITION FOR REMAND AND MOTION FOR ATTORNEY'S FEES

HIGHSMITH, District Judge.

THIS CAUSE came before the Court upon Plaintiff's Petition for Remand for lack of subject matter jurisdiction, pursuant to 28 U.S.C. § 1447(c). The plaintiff also seeks attorney's fees, pursuant to Section 1447(c).

### BACKGROUND

Plaintiff Theodore J. Horne, Jr. filed this action in state court alleging a violation of his right to privacy, as guaranteed by the

Florida Constitution.[1] The complaint prays for a declaration that Defendant Southern Bell Telephone and Telegraph Company ("Southern Bell"), Horne's employer, cannot require Horne to submit to psychiatric examinations under threat of termination or disciplinary action.

Southern Bell removed the action to this Court on the basis of federal question jurisdiction, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446. Southern Bell asserts that Horne's claim requires an interpretation of the collective bargaining agreement covering Southern Bell employees and that such a requirement makes Horne's action a cause arising under the laws of the United States. The federal law that Southern Bell invokes is Section 301 of the Labor Management Relations Act (LMRA). Section 301 of the LMRA provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a) (West 1978).

Horne disputes the federalization of his claim. Therefore, he prays for remand to state court, as well as attorney's fees and costs, both pursuant to 28 U.S.C. § 1447(c). The Court disagrees with Horne's position.

## STANDARD OF REVIEW

■ In removal cases, the burden of establishing federal question jurisdiction is on the removing party. *Winters Government Securities v. NAFI Employees Credit Union*, 449 F.Supp. 239, 242 (S.D.Fla.

1978). "The presence or absence of federal question jurisdiction is governed by the 'well pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). In analyzing the complaint the Court must "determine whether a federal claim is 'necessarily presented by [the] plaintiff, even if [the] plaintiff has couched his pleadings exclusively in terms of state law.'" *Dean Witter Reynolds, Inc., v. Schwartz*, 550 F.Supp. 1312, 1313 (S.D.Fla.1982) (quoting *Schultz v. Coral Gables Federal Savings & Loan Association*, 505 F.Supp. 1003, 1008 (S.D.Fla. 1980)).

"If a federal cause of action completely preempts a state cause of action, any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 24, 103 S.Ct. 2841, 2854, 77 L.Ed.2d 420 (1983). Section 301 of the LMRA completely preempts any state cause of action based on a collective bargaining agreement. *Franchise Tax*, 463 U.S. at 23, 103 S.Ct. at 2853. Therefore, "claims founded directly on rights created by collective-bargaining agreements, and also claims 'substantially dependent on analysis of a collective bargaining agreement,'" arise under federal law. *Caterpillar*, 482 U.S. at 394, 107 S.Ct. at 2431.

## ANALYSIS

On its face, the complaint requests a declaration of Horne's right to privacy in psychological decisions. Horne relies on Article I, § 23 of the Florida Constitution, which provides:

---

1. Horne also bases his claim on Fla.Stat. § 90.-503, which reads in pertinent part:

    A patient has a privilege to refuse to disclose, and to prevent any other person from disclosing, confidential communications or records made for the purpose of diagnosis or treatment of his mental or emotional condition, including alcoholism and other drug addiction, between himself and his psychotherapist, or persons who are participating in the

diagnosis or treatment under the direction of the psychotherapist. This privilege includes any diagnosis made, and advice given, by the psychotherapist in the course of that relationship.

Fla.Stat.Ann. § 90.503 (West 1992). Section 90.-503, however, does not provide a privacy cause of action. Rather, it addresses the psychotherapist-patient evidentiary privilege.

Every natural person has the right to be let alone and free from governmental intrusion into his private life except as otherwise provided herein. This section shall not be construed to limit the public's right of access to public records and meetings as provided by law.

Fla. Const. Art. I, § 23. The Supreme Court of Florida has interpreted the right to privacy guaranteed by Section 23 as encompassing the right to make choices about medical treatment. *In Re Guardianship of Browning*, 568 So.2d 4, 10 (Fla. 1990) (upholding a surrogate's exercise of a patient's right to forego artificially provided sustenance). For the purposes of removal, therefore, the Court assumes that Horne has stated a valid cause of action under state law.

■ The issue of whether Section 301 preempts Horne's privacy claim under Florida Constitutional law is one of first impression for this Court. A privacy action may be analogized to a tort action. In a Fifth Circuit case similar to Horne's, employees asserted a tort claim against their employer as a result of forced medical examinations. *Strachan v. Union Oil Co.*, 768 F.2d 703, 704–705 (5th Cir.1985). The Fifth Circuit determined that Section 301 of the LMRA preempted such a tort claim. *Strachan*, 768 F.2d at 703. Relying on *Strachan*, the Fourth Circuit found that Section 301 of the LMRA similarly preempts an invasion of privacy claim arising from a physical search. *Kirby v. Allegheny Beverage Corp.*, 811 F.2d 253, 256 (4th Cir.1987). This court finds the analogy between tort and privacy claims apt. Viewing Horne's claim through the prism of tort actions, the Court concludes that Horne, "may not resort to state tort ... claims in substitution for [his] rights under the grievance procedure in a collective bargaining agreement." *Strachan*, 768 F.2d at 704–705.[2]

■ Moreover, this case does not fall within the two acknowledged exceptions to federal preemption in the labor law context: (1) peripheral concerns of the LMRA; and (2) deeply rooted local policies. *Ramsey v. Signal Delivery Serv., Inc.*, 631 F.2d 1210, 1212 (5th Cir.1980). Clearly, threats of disciplinary action and termination of employment are not peripheral to the concerns of the LMRA. As to the second exception, although Florida protects an individual's privacy rights as evidenced by Section 23 of the Florida Constitution, such protection does not rise to the level necessary to oust federal jurisdiction. In *Ramsey*, the Fifth Circuit found that a tort claim for emotional distress resulting from disciplinary actions in the workplace does not constitute a local policy exception. *Ramsey*, 631 F.2d at 1212. In light of the Court's analogy between privacy actions and tort actions, therefore, the Court finds that a privacy claim arising from threatened disciplinary action and termination does not constitute an exception to federal preemption.

■ Horne further attempts to side-step federal preemption by asserting that he is not a member of the Communication Workers of America, Southern Bell's employees' union. Horne has no employment contract independent of the collective bargaining agreement. Therefore, the union is his exclusive representative, and he is a member of the collective bargaining unit. *Ford Motor Co. v. Huffman*, 345 U.S. 330, 338, 73 S.Ct. 681, 686, 97 L.Ed. 1048 (1953) ("The employees represented often are members of the organization which represents them at the bargaining table, but it is not essential that they be such.").[3]

---

**2.** For additional examples of tortious causes of action preempted by federal labor law, see *International Brotherhood of Electrical Workers, AFL–CIO v. Hechler*, 481 U.S. 851, 862, 107 S.Ct. 2161, 2168, 95 L.Ed.2d 791 (1987) (failure to provide a safe workplace); *Pruitt v. Carpenters' Local Union No. 225*, 893 F.2d 1216, 1219 (11th Cir.1990) (fraud and wrongful refusal to reinstate plaintiff); *Ramsey v. Signal Delivery Serv.,*

*Inc.*, 631 F.2d 1210, 1212 (5th Cir.1980) (emotional distress).

**3.** See also *Vaca v. Sipes*, 386 U.S. 171, 177, 87 S.Ct. 903, 909, 17 L.Ed.2d 842 (1967) (Exclusive agents must represent all employees at the bargaining table.).

Having found that Horne's privacy claim arises under Section 301 of the Labor Management Relations Act and that such a claim is subject to federal preemption, the Court concludes that remand of this case would be inappropriate. Moreover, because the Court declines to remand, it must also deny Horne's motion for attorney's fees and costs. 28 U.S.C.A. § 1447(c) (West 1992) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.")[4]

## CONCLUSION

Based on the foregoing analysis, it is hereby

ORDERED AND ADJUDGED that Horne's Petition to Remand is DENIED. It is further

ORDERED AND ADJUDGED that Horne's Motion for Attorney's Fees and Costs be and the same is hereby DENIED.

DONE AND ORDERED.

---

**4.** The Court declines Southern Bell's invitation to treat Section B2 of the Memorandum in Opposition to Plaintiff's Petition for Remand and Motion for Attorney's Fees as a motion for summary judgment because it does not comply with *Fed.R.Civ.P.* 56.