Michael MESSINA

v.

**TRI–GAS INCORPORATED and David R. Guernsey.**

Civ. A. No. H–92–2069.

United States District Court, S.D. Texas, Houston Division.

Feb. 12, 1993.

**1164**

Peter Costea, Bigham & Luttrell, Houston, TX, for plaintiff.

Donald J. Horton, Liddell Sapp Zivley Hill & LaBoon, Houston, TX, for defendants.

## MEMORANDUM AND ORDER

LAKE, District Judge.

Plaintiff, Michael Messina, filed this action in the 189th Judicial District Court of Harris County, Texas, seeking damages for defamation, false light publicity, and intentional infliction of emotional distress arising from statements contained in a letter signed by defendant David R. Guernsey (Guernsey) notifying Messina that he had been terminated from his job with defendant Tri–Gas Incorporated (Tri–Gas). Asserting that Messina's

state law causes of action are preempted by § 301 of the Labor Management Relations Act of 1947 (LMRA), 29 U.S.C. § 185, defendants removed this action to federal court under 28 U.S.C. § 1441(b). Pending before the court is Messina's Motion to Remand (Docket Entry No. 9). For the reasons set forth below, Messina's motion will be granted and this action will be remanded to state court.

### *Factual Background*

Messina was employed by Tri–Gas as a truck driver. While employed by Tri–Gas, Messina was a member of General Drivers, Warehousemen and Helpers, Local Union No. 968. The employment relationship between Messina and Tri–Gas was governed by a February 9, 1990, collective bargaining agreement (CBA) between Tri–Gas and Local Union No. 968, which was to remain in effect until February 8, 1993.[1]

Messina alleges that on or about January 25, 1991, Tri–Gas assigned him a trailer loaded with liquid oxygen to transport to one of its customers. Prior to his departure Messina inspected the trailer and observed that the "glad handle" was broken and that the power cord connection box was broken. Nevertheless, Messina concluded that the trailer was safe to transport. After successfully completing his assigned trip, Messina returned the trailer to the terminal for repair. Subsequently, Messina received a February 14, 1991, letter signed by Guernsey detailing damage to the trailer and informing him that his employment with Tri–Gas had been terminated because the trailer had been intentionally damaged while in his possession.

On February 13, 1992, Messina filed his Original Petition in the 189th Judicial District Court of Harris County, Texas, alleging

1. Copies of the CBA are attached to Plaintiff's Motion to Remand, Docket Entry No. 10, Appendix A and Defendant's Supplemental Brief in Opposition to Plaintiff's Motion to Remand, Docket Entry No. 18, Exhibit C.

2. Defendants do not argue that the court should restrict its analysis of plaintiff's motion to remand to plaintiff's state court pleadings, and the court has considered both plaintiff's Second Amended Petition attached to defendants' Notice of Removal, Docket Entry No. 1, and plaintiff's Amended Complaint, Docket Entry No. 16, filed

claims for defamation, false light publication, and intentional infliction of emotional distress against Guernsey and Tri–Gas. Guernsey was served with process on March 24, 1992, and Tri–Gas was served with process on June 17, 1992. On July 13, 1992, both defendants filed a Notice of Removal with this court (Docket Entry No. 1) under 28 U.S.C. § 1441(b) on grounds that this action is preempted by § 301 of the LMRA, 29 U.S.C. § 185, because its resolution requires the interpretation of the CBA to which Tri–Gas and Messina were parties. On July 17, 1992, each defendant filed a separate answer (Docket Entry Nos. 5 and 6), and on August 11, 1992, Messina moved to remand. At a hearing held on December 10, 1992, the court ordered Messina to file an amended complaint stating with particularity the facts on which he bases his right to recover (Docket Entry No. 15). On December 18, 1992, Messina filed an Amended Complaint asserting only a claim for defamation.[2]

### *Plaintiff's Motion to Remand*

Citing *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 394–395, 107 S.Ct. 2425, 2429, 2431, 96 L.Ed.2d 318 (1987), Messina argues that this action should be remanded to state court because no federal question appears on the face of his complaint, and removal was improper under the well-pleaded complaint rule. Messina also argues that his state law defamation claim is not preempted by the LMRA because it is neither founded directly on rights created by a CBA nor substantially dependent on analysis of a CBA. Defendants argue that removal is proper either because Messina has "artfully pleaded" his complaint to omit references to § 301 or because Messina's defamation claim is wholly preempted by § 301 and should be recharacterized as a federal cause of action.

on December 18, 1992, pursuant to this court's order of December 10, 1992, Docket Entry No. 15. The decision to remand this action would not be different had the court considered only the allegations contained in plaintiff's state court pleadings because the analysis applied here to plaintiff's defamation claim applies equally to the two claims originally asserted in plaintiff's state court pleadings but not included in the Amended Complaint filed with this court (false light publication and intentional infliction of emotional distress).

■ **Right to Remove** An action may not be removed from state court to federal court unless it could originally have been filed in federal court. 28 U.S.C. §§ 1331, 1441; *Caterpillar, Inc.*, 482 U.S. at 392, 107 S.Ct. at 2429. Absent complete diversity of the parties, a federal question must be present in order for removal to be proper. *Id.* A defendant's ability to remove an action from state court is further restricted by the well-pleaded complaint rule; federal question jurisdiction exists only if the federal question is presented on the face of the complaint. Actions may not be removed on the basis of a federal defense such as preemption even if the defense is anticipated in the complaint and both parties concede that it is the only question at issue. 482 U.S. at 393, 107 S.Ct. at 2430; *Aaron v. National Union Fire Insurance Co.*, 876 F.2d 1157, 1161 (5th Cir.), *reh'g denied*, 886 F.2d 1314 (1989), *cert. denied sub nom.*, *American Home Ins. Group v. Aaron*, 493 U.S. 1074, 110 S.Ct. 1121, 107 L.Ed.2d 1028 (1990). Thus, although an interpretation of a CBA may be required to evaluate elements of one of the defenses in a case, in *Caterpillar* the Supreme Court reaffirmed the rule that federal question jurisdiction under the LMRA may not be based upon a defendant's answer:

> It is true that when a defense to a state claim is based on the terms of a collective-bargaining agreement, the state court will have to interpret that agreement to decide whether the state claim survives. But the presence of a federal question, even a § 301 question, in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule—that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court.

482 U.S. at 398–399, 107 S.Ct. at 2433. There are, however, exceptions to the well-pleaded complaint rule.

■ One exception is known as the artful pleading doctrine. Under it the court must evaluate a plaintiff's motive for not pleading a federal cause of action. *Aaron*, 876 F.2d at 1161, citing *Beers v. North American Van Lines, Inc.*, 836 F.2d 910, 913 (5th Cir.1988), and *Eitmann v. New Orleans Public Service, Inc.*, 730 F.2d 359, 365 (5th Cir.), *reh'g denied*, 738 F.2d 437, *cert. denied*, 469 U.S. 1018, 105 S.Ct. 433, 83 L.Ed.2d 359 (1984). If the court concludes that the plaintiff's failure to plead a federal claim was not in good faith, but rather was an attempt to conceal the fact that the claim was truly federal, the court will allow removal. *Aaron*, 876 F.2d at 1161. Another exception, first articulated in *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 *reh'g denied*, 391 U.S. 929, 88 S.Ct. 1801, 20 L.Ed.2d 670 (1968), provides that federal law can so completely preempt a field of state law that the plaintiff's complaint must be recharacterized as a federal cause of action. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987); *Aaron*, 876 F.2d at 1161. In such cases removal is said to be proper because Congress has manifested an intent to make them removable. *Taylor*, 481 U.S. at 66–67, 107 S.Ct. at 1548. Because Messina's complaint contains no reference to federal law, the issue before the court is whether defendants' removal of Messina's claim for defamation is proper under these exceptions to the well-pleaded complaint rule.

Section 301 of the LMRA grants district courts original jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce." 29 U.S.C.A. § 185(a) (West 1978). Section 301 preempts the application of state law "only if such application requires the interpretation of a collective-bargaining agreement." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 413, 108 S.Ct. 1877, 1885, 100 L.Ed.2d 410 (1988). To determine whether Messina has "artfully pleaded" his state law claim so as to avoid reference to § 301, or whether Messina's claim is wholly preempted by § 301, the court must focus on the substance, rather than the form of Messina's complaint. *Eitmann*, 730 F.2d at 366.[3]

---

**3.** Although the Supreme Court and the Fifth Circuit have yet to articulate the precise means by which district courts should analyze the "substance" of a complaint, both the Seventh Circuit and the Ninth Circuit have held that district

If the court finds that Messina's claim is neither "artfully pleaded" in an attempt to disguise its federal nature nor wholly preempted by federal law, then the court must remand this action to state court. Where, as here, removal is based on allegations of "artful pleading," the removing party bears the burden of proving that the allegations in plaintiff's complaint constitute an attempt to evade federal jurisdiction. *Yawn v. Southern Railway Co.*, 591 F.2d 312, 316–317 (5th Cir.), *cert. denied*, 442 U.S. 934, 99 S.Ct. 2869, 61 L.Ed.2d 304 (1979).

*Artful Pleading* Messina alleges that he was maliciously defamed by false statements made in a termination letter signed by Guernsey accusing him of intentionally damaging company property. Although Messina does not state how or to whom these statements were publicized, he alleges that their publication was so wide-spread that they have "injured his business reputation to the extent that he is unable to secure employment in the trucking industry."[4] Messina seeks general damages based on defendants' violation of § 73.001 of the Texas Civil Practices and Remedies Code and special damages accruing from his resulting loss of income. Messina does not seek reinstatement to the position from which he was terminated. Defendants argue that removal of this action was proper because

> [p]laintiff's defamation claim ... is an obvious attempt to disguise a wrongful discharge claim. Wrongful discharge is a claim that requires interpretation of the CBA's just cause termination provision. Accordingly, Section 301 preempts [p]laintiff's defamation claims and supplants them with a federal cause of action.[5]

Texas law provides two causes of action for defamation: libel and slander. Libel is a written defamation defined by Texas law as follows:

> A libel is a defamation expressed in written or other graphic form that tends to blacken the memory of the dead or that tends to injure a living person's reputation and thereby expose the person to public hatred, contempt or ridicule, or financial injury or to impeach any person's honesty, integrity, virtue, or reputation or to publish the natural defects of anyone and thereby expose the person to public hatred, ridicule, or financial injury.

Tex.Civ.Prac. & Rem.Code Ann. § 73.001 (West 1986). An action for libel requires the publication of a written defamatory statement about the plaintiff to a third party. *M.N. Dannenbaum, Inc. v. Brummerhop*, 840 S.W.2d 624, 633–634 (Tex.App.—Houston [14th Dist.] 1992, writ denied, November 10, 1992). Slander is an oral defamation published to a third party without legal excuse. *Kelly v. Diocese of Corpus Christi*, 832 S.W.2d 88, 91 (Tex.App.—Corpus Christi, 1992, writ dism'd w.o.j.). Although Messina has failed to specify whether he is suing for libel or for slander, the standard for determining whether a private individual may recover for either form of defamation is ordinary negligence. *Dannenbaum*, 840 S.W.2d at 634. Truth of the allegedly defamatory statements is an affirmative defense to either form of defamation. *Id.*

Defendants argue that removal was proper because Messina has artfully pleaded the state tort of defamation to avoid the central issue of whether his termination was just,

---

courts may look beyond the face of the complaint to determine whether it contains a § 301 claim "artfully pleaded" to avoid federal jurisdiction. *Oglesby v. RCA Corp.*, 752 F.2d 272, 277–278 (7th Cir.1985); *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir.1987). Because the analysis of claims of "artful pleading" and "complete preemption" approved by the Seventh and Ninth Circuits is consistent with that applied by the Fifth Circuit in the analogous context of "fraudulent joinder," *see B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. Unit A 1981), the court has evaluated all of the factual allegations in the light most favorable to the plaintiff and has considered the CBA, the affidavits, and the deposition transcripts submitted by the par-

ties in reaching the decision memorialized in this Memorandum and Order. The court's ability to look beyond the complaint in analyzing plaintiff's motion to remand is advocated by defendants (Docket Entry No. 18, p. 12) and is not contested by plaintiff.

4. Plaintiff's Second Amended Petition, p. 3, attached to Defendants' Notice of Removal, Docket Entry No. 1, and Plaintiff's Amended Complaint, Docket Entry No. 16, p. 3.

5. Defendants' Supplemental Brief in Opposition to Plaintiff's Motion to Remand, Docket Entry No. 18, p. 24.

and that resolution of Messina's complaint is inextricably intertwined with the CBA because it implicates the need to analyze the same facts as would an inquiry under the just cause provisions of the CBA. The court is not persuaded by these arguments. In *Lingle* the Supreme Court rejected the contention that the need to analyze the same facts necessarily renders a plaintiff's claim inextricably dependent upon analysis of a CBA:

> even if dispute resolution pursuant to a collective-bargaining agreement, on the one hand, and state law, on the other, would require addressing precisely the same set of facts, as long as the state-law claim can be resolved without interpreting the agreement itself, the claim is "independent" of the agreement for § 301 preemption purposes.

486 U.S. at 409–410, 108 S.Ct. at 1883.

■ Messina has pleaded a case for defamation based on Texas law in which he seeks only damages accruing from the effects that the allegedly defamatory statements had on his business reputation and his ability to obtain employment in the trucking industry. Because Messina appears to have stated a *prima facie* case for defamation under Texas law, and because truth of the allegedly defamatory statements is an absolute defense to Messina's defamation claim, the issue in this case is not whether defendants' termination of Messina was just in terms of the CBA, but whether defendants' allegedly defamatory statements were true. Only if a court having jurisdiction over this action determines that the statements were false, as Messina alleges, will it reach the issue on which defendants base their preemption argument—that the statements and their publication were privileged because they were made in accordance with the terms of a CBA. Thus, while defendants assert the terms of the CBA as an affirmative defense to this action, their ability to assert that defense does not bestow federal question jurisdiction on this court and will not induce the court to assert jurisdiction where none exists. *See Caterpillar,* 482 U.S. at 393, 107 S.Ct. at 2430; *Beers,* 836 F.2d at 913. Because Messina's complaint appears to state a cause of action under Texas common and statutory laws of defamation, because these laws establish nonnegotiable rights and obligations independent of any labor contract, and because the claims that Messina asserts under these laws can be resolved without interpreting the terms of a CBA, the court is not persuaded that Messina has "artfully pleaded" his complaint to omit references to controlling federal law.

■ **Complete Preemption** Alternatively, defendants argue that removal is proper because § 301 of the LMRA completely preempts Messina's claim for defamation. Defendants' complete preemption argument is founded on *Avco,* 390 U.S. 557, 88 S.Ct. 1235, and its progeny. In *Avco* the Court held that removal of an action in which the plaintiff's complaint did not, on its face, involve a federal question was nevertheless proper because § 301 of the LMRA so completely preempted state law that the complaint had to be recharacterized as stating a federal cause of action. 390 U.S. at 560, 88 S.Ct. at 1237. In *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 212, 220, 105 S.Ct. 1904, 1912, 1916, 85 L.Ed.2d 206 (1985), the Court reaffirmed its holding in *Avco,* but stated that Congress did not intend that § 301 should preempt state rules that proscribe conduct or establish rights and obligations, independent of a labor contract. Two years later, in *Lingle v. Norge Div. of Magic Chef, Inc.,* the Court reiterated its holding in *Allis–Chalmers,* stating that the LMRA preempts the application of state law "only if such application requires the interpretation of a collective-bargaining agreement." 486 U.S. at 413, 108 S.Ct. at 1885. In *Jones v. Roadway Express Inc.,* the Fifth Circuit applied the Supreme Court's holdings in *Lingle* and *Allis–Chalmers* to an action for retaliatory discharge brought by an employee under the Texas Workers Compensation statute. 931 F.2d 1086 (5th Cir.), *reh'g denied,* 936 F.2d 789 (1991). In *Jones* the Fifth Circuit held that the employee's action for retaliatory discharge was not preempted by the LMRA because it was wholly based on a state statute that conferred nonnegotiable state law rights on the employee independent of any right established by the CBA. *Id.* at 1090.

Citing *Strachan v. Union Oil Co.,* 768 F.2d 703 (5th Cir.1985); *Bagby v. General Motors*

*Corp.*, 976 F.2d 919 (5th Cir.1992); and a number of cases from the Fourth, Eighth, Ninth, and Tenth Circuits, defendants argue that this action is wholly preempted by § 301 of the LMRA because the allegedly defamatory statements made by defendants were made by an employer either during its investigation of employee wrongdoing or during a grievance proceeding prescribed by a CBA. Only one of the many cases cited by defendants concerns a termination letter. In it the Ninth Circuit affirmed a summary judgment for the defendant-employer on the plaintiffs' defamation claims. The Ninth Circuit also found that the defamation claims were preempted because they appeared to be based on documents prepared by the employer pursuant to the discharge provisions of the CBA. *Shane v. Greyhound Lines, Inc.*, 868 F.2d 1057, 1063 (9th Cir.1989). The court distinguished *Shane* from another case in which the Ninth Circuit had found an employee's claim for defamation not to have been preempted under the LMRA, *Tellez v. Pacific Gas & Elec. Co.*, 817 F.2d 536 (9th Cir.), *cert. denied*, 484 U.S. 908, 108 S.Ct. 251, 98 L.Ed.2d 209 (1987), because in *Tellez* the defendant had distributed the employee's notice of suspension to eleven company managers despite the fact that the CBA did not require written notification of suspension.

Although neither Messina's Original Petition filed with the state court nor his Amended Complaint filed with this court specifically alleges to whom the letter of termination and/or its contents were published, Messina does allege that Tri–Gas had publicized his impending termination for destruction of company property and that coworkers were aware of his termination and the reasons for it before he was informed of his termination.[6] Moreover, Messina alleges that his defamation claim is not based on the union's receipt of the termination letter, but on the dissemination of its contents throughout the trucking industry.[7] The court also notes that like the CBA at issue in *Tellez*, the CBA to which

Tri–Gas and Messina were parties did not require written notice of termination.[8]

As in *Tellez*, Messina's claim does not necessarily implicate the CBA. Although it is not clear how the allegedly defamatory statements were disseminated throughout the trucking industry, viewing the facts alleged in the light most favorable to Messina, the dissemination of the allegedly defamatory statements to members of the trucking industry at large would not have been made pursuant to any requirement of the disciplinary procedures prescribed by the CBA. Because the CBA at issue neither required written notice of termination nor specified to whom notice of termination was to be disseminated, the resolution of Messina's defamation claim, that false statements in the termination letter were disseminated throughout the trucking industry, is not preempted by § 301 of the LMRA because it is not substantially dependent on an analysis or interpretation of a CBA.

■ Alternatively, the court concludes that Messina's defamation claim is not wholly preempted by the LMRA because he has successfully alleged that defendants' dissemination of allegedly libelous statements was malicious. In *Strachan* and *Bagby* the Fifth Circuit found that plaintiffs' claims for defamation were preempted by the LMRA because the employers' actions were undertaken in accordance with the terms of a CBA during the course of investigating allegations of employee misconduct. However, citing *Linn v. United Plant Guard Workers of America, Local 114*, 383 U.S. 53, 86 S.Ct. 657, 15 L.Ed.2d 582 (1966), the *Strachan* court specifically noted that its determination would have been different had the plaintiffs shown that the acts of which they complained were maliciously motivated, 768 F.2d at 706, and the *Bagby* court implied as much, 976 F.2d at 921–922.

*Linn* was a civil libel action brought under state law by a company official against an

---

**6.** Deposition of Michael Messina, pp. 101–103, Exhibit A attached to Defendants' Supplemental Brief in Opposition to Plaintiff's Motion to Remand, Docket Entry No. 18, and Exhibit D attached to Plaintiff's Response to Defendants' Motion for Summary Judgment, Docket Entry No. 20.

**7.** *Id.*

**8.** Appendix A attached to Defendants' Response to Plaintiff's Motion to Remand, Docket Entry No. 10, p. 6.

organizing union for damages caused by allegedly defamatory statements circulated by the union during an organizational campaign. The Supreme Court held that the National Labor Relations Act did not deprive the courts of jurisdiction to "apply state remedies if the complainant pleads and proves that the statements were made with malice and injured him." *Linn,* 383 U.S. at 55, 86 S.Ct. at 659. In explaining its rationale for finding that the federal interest in regulating labor relations and the state interest in redressing libel were mutually exclusive, the Court noted that the labor board had adopted a policy of denying the protection of the LMRA to a party intentionally circulating defamatory or insulting material known to be false. 383 U.S. at 61, 86 S.Ct. at 662. According to the *Linn* Court, "the exercise of state jurisdiction [in libel actions] would be a 'merely peripheral concern of the Labor Management Relations Act,' provided [that the state jurisdiction] is limited to redressing libel issued with knowledge of its falsity, or with reckless disregard of whether it is true or false." *Id.,* 383 U.S. at 61, 86 S.Ct. at 662, *quoting San Diego Building Trades Council v. Garmon,* 359 U.S. 236, 243, 79 S.Ct. 773, 779, 3 L.Ed.2d 775 (1959). The *Linn* Court concluded that to protect the perpetrators of malicious libel under the "preemption doctrine" would contradict both congressional intent and judicial interpretation of the labor laws.

Messina argues that defendants' statements were malicious because defendants, knowing that the statements were false, intentionally disseminated them in retaliation for his telling defendants that he would disclose evidence of company wrongdoing to investigators studying an accident involving a company truck that Messina had deadlined for repair but that the company had nevertheless dispatched and which, due to its state of disrepair, had caused an accident in which two elderly occupants of another vehicle were killed.[9] Messina additionally alleges that the publication of these statements has "injured his business reputation to the extent that he is unable to secure employment in the trucking industry."[10] Under the holding in *Linn* and the *dicta* in *Strachan* and *Bagby,* Messina's allegations, supported by his deposition testimony, that Guernsey intentionally and knowingly disseminated statements about him that he knew to be false, and that these statements injured Messina because they have prevented him from obtaining a job in the trucking industry, constitute showings of malice and injury sufficient to withstand defendants' assertion of complete preemption by § 301 of the LMRA. Because the court finds that these allegations are sufficient to withstand defendants' assertion of complete preemption, the court does not reach the question of whether they are sufficient to withstand a motion for summary judgment because absent a showing of complete preemption this court lacks jurisdiction to address the merits of this action.

### Conclusion

Because Messina appears to have successfully stated a cause of action for defamation under Texas law, because defendants have failed to establish that Messina "artfully pleaded" his complaint to omit reference to controlling federal law, and because defendants have failed to establish that Messina's claim is wholly preempted by federal law, the court lacks jurisdiction to hear this action. Accordingly, Messina's Motion to Remand, Docket Entry No. 9, is **GRANTED,** and this action is **REMANDED** to the 189th Judicial District Court of Harris County, Texas. The Clerk of this court will promptly furnish a copy of this Memorandum and Order to the District Clerk of Harris County, Texas.

---

9. Deposition of Michael Messina, pp. 179–181, 196–197, Exhibit A attached to Defendants' Supplemental Brief in Opposition to Plaintiff's Motion to Remand, Docket Entry No. 18, and Exhibit D attached to Plaintiff's Response to Defendants' Motion for Summary Judgment, Docket Entry No. 20.

10. Plaintiff's Second Amended Petition, p. 3, attached to Defendants' Notice of Removal, Docket Entry No. 1, and Plaintiff's Amended Complaint, Docket Entry No. 16, p. 3.