Donald **CHUBE**

v.

**EXXON CHEMICAL AMERICAS**, et al.

**Civ. A. No. 90–889–B.**

United States District Court,
M.D. Louisiana.

April 2, 1991.

Robert F. Monahan, Baton Rouge, La.,
for Donald Chube.

Vicki M. Crochet, Taylor, Porter, Brooks
& Phillips, Baton Rouge, La., for Exxon
Chemical Americas.

Douglas Neagli, Houston, Tex., for Exxon Chemical Americas and American Institute for Drug Detection Inc.

## RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

POLOZOLA, District Judge.

Donald Chube filed this action seeking damages against his former employer, Exxon Chemical Americas (Exxon), for an alleged wrongful termination of his employment. In addition, the plaintiff is seeking damages for intentional infliction of emotional distress, defamation, and violation of the federal Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, which he contends also arose out of the wrongful termination. In response to plaintiff's suit, Exxon has filed a motion to dismiss and/or alternatively a motion for summary judgment.

Chube was terminated on September 13, 1989, by the defendant for testing positive

on a random drug urinalysis test administrated at the job site. Prior to the plaintiff's termination of employment, Chube had been employed at the Exxon plant in Baton Rouge, Louisiana, since 1973, as a wage roll employee. Exxon wage roll employees are represented by the Baton Rouge Oil & Chemical Workers' Union (Union). The Union and Exxon have a collective bargaining agreement (Agreement) which governs all disputes between the employer and its employees. The Union serves as the collective bargaining agent for the represented employees. This Agreement contains a grievance process for resolving disputes between the employees and the company, including terminations. The grievance process requires the dispute to be submitted to binding arbitration and specifies that the arbitrator's ruling shall be final and binding on the parties.

Exxon contends that Chube cannot bring this action before this Court, but must follow the grievance procedures set forth in the Agreement, as required by Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. In other words, Exxon argues that the plaintiff has failed to exhaust his administrative remedies under the collective bargaining agreement. Exxon also contends that the state law claims for intentional infliction of emotional distress and defamation are preempted by § 301 of the LMRA. Finally, Exxon argues that the plaintiff has failed to state a cause of action under the Fair Credit Reporting Act.

Exxon has attached an affidavit and a copy of the Agreement to its motion. Since the Court has considered evidence outside the pleadings, the Court must treat defendant's motion as a motion for summary judgment rather than a motion to dismiss.[1] Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2] To oppose the granting of summary judgment, Rule 56(e) provides that "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, ... [instead, the defending party], by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." When all the evidence presented by both parties could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.[3]

### I. Plaintiff's Wrongful Termination Claim is Barred by Section 301 of the LMRA

■ Section 301 of the LMRA permits an employee to file a federal cause of action against the employer for breach of a collective bargaining agreement.[4] However, § 203 of the LMRA allows the union and the employer to agree, through a collective bargaining agreement, to resolve employment disputes by arbitration.[5] The use of arbitration procedures to resolve employment disputes received strong approval from the United States Supreme Court decisions which require compliance with the collective bargaining agreement's grievance process before resorting to the court when the employment dispute touches on a breach of the collective bargaining agreement.[6] Thus, the Supreme Court has pro-

---

1. Fed.R.Civ.P. 12(b). The plaintiff has filed a response to the motion. Thus, the Court does not need to give plaintiff additional time to respond.

2. Fed.R.Civ.P. 56(c); *Celotex v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Fontenot v. Upjohn Co.,* 780 F.2d 1190 (5th Cir.1986).

3. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

4. 29 U.S.C. § 185.

5. 29 U.S.C. § 173.

6. *Groves v. Ring Screw Works,* —— U.S. ——, 111 S.Ct. 498, 501–02, 112 L.Ed.2d 508 (1990); *Lingle v. Norge Div. of Magic Chef,* 486 U.S. 399, 411, 108 S.Ct. 1877, 1884, 100 L.Ed.2d 410

hibited attempts by individual employees which would "completely sidestep available grievance procedures in favor of a lawsuit ... [because such suits] would deprive the employer and union of the ability to establish a uniform and exclusive method for orderly settlement of employee grievances."[7] The Supreme Court explained its decision to enforce arbitration procedures in collective bargaining agreements in *United Paperworkers International Union v. MISCO, Incorporated,* wherein the Court explained:

> The courts have jurisdiction to enforce collective-bargaining contracts; but where the contract provides grievance and arbitration procedures, those procedures must first be exhausted and courts must order resort to the private settlement mechanisms without dealing with the merits of the dispute. Because the parties have contracted to have disputes settled by an arbitrator ... rather than by a judge, it is the arbitrator's view of the facts and of the meaning of the contract that they have agreed to accept.[8]

In *Allis–Chalmers Corporation v. Lueck,* the Supreme Court found that "Congress intended § 301 to pre-empt this kind of derivative tort claim ... [because] only that result preserves the central role of arbitration in our 'system of industrial self-government.'"[9] The Court also concluded that "[t]he parties here have agreed that a neutral arbitrator will be responsible ... for interpreting the meaning of their contract. Unless this suit is preempted, their federal right to decide who is to resolve contract disputes will be lost."[10] The Fifth Circuit Court of Appeals, following the lead of the United States Supreme Court, has also given strong support to arbitration procedures.

> If the arbitration and grievance procedure is the exclusive and final remedy for breach of the collective bargaining agreement, the employee may not sue his employer under § 301 until he has exhausted the procedure.[11]

■ In the case before this Court, it is clear that Chube, as a wage role employee at Exxon, is subject to the collective bargaining agreement negotiated on his behalf by the Union. Plaintiff's claim for wrongful termination of employment requires an interpretation of the collective bargaining agreement to determine whether the plaintiff's termination was wrongful. The Agreement between the parties to this action sets forth the steps for resolution of employment related disputes such as that now pending before the Court, with arbitration as the final step. Furthermore, evidence submitted by the defendant shows that an arbitration proceeding, filed in accordance with the Agreement, is *currently pending* between the plaintiff and Exxon concerning the termination issue which is pending before the Court.

Based on the evidence presented to the Court, the Court finds that the plaintiff has failed to exhaust his administrative remedies as provided by the collective bargaining agreement. Indeed, the parties are now actively engaged in the arbitration process. Therefore, plaintiff's suit for wrongful termination of employment is preempted by § 301. Because the wrong-

---

(1988); *United Paperworkers Int'l Union v. MISCO, Inc.,* 484 U.S. 29, 36–38, 108 S.Ct. 364, 370–71, 98 L.Ed.2d 286 (1987); *Hines v. Anchor Motor Freight,* 424 U.S. 554, 561–62, 96 S.Ct. 1048, 1054–55, 47 L.Ed.2d 231 (1976); *Teamsters v. Lucas Flour Co.,* 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962); *see also Jackson v. Liquid Carbonic Corp.,* 863 F.2d 111, 114 (1st Cir.1988), *cert. denied,* 490 U.S. 1107, 109 S.Ct. 3158, 104 L.Ed.2d 1021 (1989); *Strachan v. Union Oil Co.,* 768 F.2d 703, 705 (5th Cir.1985).

7. *Republic Steel Corp. v. Maddox,* 379 U.S. 650, 653, 85 S.Ct. 614, 616, 13 L.Ed.2d 580 (1965); *Strachan,* 768 F.2d at 705.

8. *MISCO,* 484 U.S. at 37–38, 108 S.Ct. at 370.

9. 471 U.S. 202, 219, 105 S.Ct. 1904, 1915, 85 L.Ed.2d 206 (1985), citing *Steelworkers v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 581, 80 S.Ct. 1347, 1352, 4 L.Ed.2d 1409 (1960).

10. *Id.*

11. *Landry v. The Cooper/T. Smith Stevedoring Co.,* 880 F.2d 846, 850 (5th Cir.1989); *Daigle v. Gulf States Utility Co.,* 794 F.2d 974, 977 (5th Cir.), *cert. denied,* 479 U.S. 1008, 107 S.Ct. 648, 93 L.Ed.2d 704 (1986).

ful termination claim is premature, it must be dismissed without prejudice.

## II. Preemption of the State Law Claims

■ The Court must now determine whether the state law causes of action for intentional infliction of emotional distress and defamation are also preempted by § 301. It is clear that the preemptive effect of § 301 extends beyond actions alleging mere violations of the collective bargaining agreement.[12] In order to prevent the risk of inconsistent results which may result from the different principles of law of each state and to promote uniformity in the area of federal labor law, the Supreme Court has consistently applied the principle that a state law claim is preempted if that action hinges upon the interpretation and meaning of the collective bargaining agreement.[13] Consequently, if the resolution of a state law claim cannot be made without an interpretation of the collective bargaining agreement, the claim is "inextricably intertwined" with the agreement and preempted under § 301.[14] To be "independent" of the collective bargaining agreement, and thus not be preempted, the resolution of a state law claim must turn on purely factual questions not touching upon the terms of the collective bargaining agreement.[15]

Following the mandate of the Supreme Court, this Court must determine whether the plaintiff's state law claims for defamation and intentional infliction of emotional distress can be resolved without turning to the collective bargaining agreement.

### A. Intentional Infliction of Emotional Distress.

The plaintiff's state law action for intentional infliction of emotional distress arises out of the alleged wrongful termination of his employment by Exxon. Relying on *Farmer v. United Board of Carpenters & Joiners of America*,[16] the plaintiff argues that this cause of action is not preempted by § 301. The Court disagrees.

In *Brown v. Southwestern Bell Telephone Co.*, the Fifth Circuit found that a claim for intentional infliction of emotional distress was preempted by § 301.[17] In *Brown*, the Fifth Circuit explained that the Supreme Court had previously held in *Farmer* that intentional infliction of emotional distress is precluded from preemption when such claims "relate only peripherally to federal concerns."[18] Finding the conduct of a union toward the plaintiff outrageous and abusive, the *Farmer* Court concluded that the actions were outside the scope of federal preemption. However, the allegation of improper labor practices do not constitute sufficient outrageous conduct to establish an independent claim.[19] In *Brown*, the Fifth Circuit found that because the facts surrounding the plaintiff's discharge did not give rise to a sepa-

---

**12.** The courts have broadly defined the preemptive scope of § 301. *Lueck*, 471 U.S. at 210, 105 S.Ct. at 1911; *Jackson v. Liquid Carbonic Corp.*, 863 F.2d 111, 114 (1st Cir.1988); *cert. denied*, 490 U.S. 1107, 109 S.Ct. 3158, 104 L.Ed.2d 1021 (1989).

**13.** *Lingle v. Norge Div. of Magic Chef*, 486 U.S. 399, 405–06, 108 S.Ct. 1877, 1881, 100 L.Ed.2d 410 (1988); *Lueck*, 471 U.S. at 220, 105 S.Ct. at 1916; *Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 103–04, 82 S.Ct. 571, 576–77, 7 L.Ed.2d 593 (1962).

**14.** *Lingle*, 486 U.S. at 407–10, 108 S.Ct. at 1882–83; *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). *See also Wells v. General Motors Corp.*, 881 F.2d 166, 172

(5th Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 1959, 109 L.Ed.2d 321 (1990).

**15.** *Lingle*, 486 U.S. at 407–10, 108 S.Ct. at 1882–83.

**16.** 430 U.S. 290, 97 S.Ct. 1056, 51 L.Ed.2d 338 (1977).

**17.** 901 F.2d 1250 (5th Cir.1990). Other circuits also follow the same rule. *See Harris v. Alumex Mill Products, Inc.*, 897 F.2d 400 (9th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 102, 112 L.Ed.2d 73 (1990); *Douglas v. American Information Technologies Corp.*, 877 F.2d 565 (7th Cir.1989).

**18.** *Brown*, 901 F.2d at 1256.

**19.** *Farmer*, 430 U.S. at 305, 97 S.Ct. at 1066 (footnote omitted).

rate claim for emotional distress, the claim was preempted by § 301.

The Ninth Circuit, when faced with a charge of emotional distress arising out of an alleged wrongful termination, also found the action preempted by § 301.[20] The court explained that in order for the court to rule on the validity of the plaintiff-employee's emotional distress claim, the court must determine whether the termination was justified according to the terms of the collective bargaining agreement.[21] The plaintiff's "claim therefore cannot be decided without interpreting or analyzing the terms of the agreement. It is therefore preempted under the test of *Lingle* and *Allis–Chalmers*." [22] Consequently, a claim arising out of conduct covered by the collective bargaining agreement, i.e., the termination, is inextricably intertwined with the interpretation of the collective bargaining agreement.

Based on the facts surrounding the plaintiff's termination, this Court finds that the plaintiff's allegations are not sufficient to establish an independent action for intentional infliction of emotional distress under *Farmer*. The plaintiff has only made allegations of a state law cause of action arising out of his termination. In addition, the claim of emotional distress arises out of conduct covered by the Agreement. Therefore, the Court finds that the plaintiff's claim for intentional infliction of emotional distress is preempted by § 301.

## B. Defamation.

The plaintiff also contends Exxon is liable for defamation resulting from its use of a positive drug test to form the basis of terminating the plaintiff's employment. Plaintiff argues that this action is independent of the collective bargaining agreement. This Court, applying the same principles discussed above in relation to the allegation of intentional infliction of emotional distress, finds plaintiff's argument to be without merit. This Court must conclude that the defamation requires a determination under the collective bargaining agreement of whether the termination was wrongful. Based on this finding, the Court holds that plaintiff's defamation claim is inextricably intertwined with the interpretation of the collective bargaining agreement.[23] Therefore, the Court finds that the allegation of defamation is also preempted by § 301 of the LMRA.

## III. Federal Fair Credit Reporting Act

■ Finally, the plaintiff contends that he has a cause of action under the federal Fair Credit Reporting Act (Act), 15 U.S.C. § 1681, *et seq.* Specifically, the plaintiff contends the results of the drug urinalysis test qualified as a "consumer report" as defined by the Act.[24] The plaintiff also argues that Exxon's reliance on this "consumer report" causes the defendant to be subject to the Act.

In support of his argument, the plaintiff relies on *Hodge v. Texaco USA*, CA No. CV 89–2507, —— F.Supp. ——, which is currently pending in the Western District of Louisiana. In *Hodge,* the district court denied a motion to dismiss for failure to state a cause of action, under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[25] In response to plaintiff's claim under the Fair Credit Reporting Act, Exxon contends that plaintiff failed to establish a claim under the Act.

The Court finds that the plaintiff has failed to state a cause of action under the Fair Credit Reporting Act against Exxon. By definition, the Act excludes from the definition of a consumer report "any report containing information solely as to transactions or experiences between the consumer

---

**20.** *Newberry v. Pacific Racing Ass'n,* 854 F.2d 1142 (9th Cir.1988).

**21.** *Id.* at 1149.

**22.** *Id.* at 1149–50.

**23.** *See Edelman v. Western Airlines, Inc.,* 892 F.2d 839, 844 (9th Cir.1989).

**24.** 15 U.S.C. § 1681a(d).

**25.** This same argument is currently before this Court also in another case. By making a reference to the *Hodge* case, this Court is in no way indicating its approval or disapproval of the result reached in *Hodge.*

and the person making the report...." [26] Exxon, as the plaintiff's employer, had such a relationship with the plaintiff. Therefore, Exxon is not subject to the Act under the facts of this case.[27] The Court finds that the plaintiff's claim under the Fair Credit Reporting Act is without merit.

## IV. Conclusion

The Court finds that the plaintiff's action for the alleged wrongful termination of employment is subject to the arbitration provisions of the collective bargaining agreement and is preempted by § 301 of the Labor Management Relations Act. Because there is an arbitration proceeding currently pending between the parties, the Court finds that the plaintiff has failed to exhaust his administrative remedies. Consequently, the plaintiff's action for wrongful termination is premature and must be dismissed without prejudice. Further, the Court finds that the state law claims for defamation and intentional infliction of emotional distress are also preempted by § 301 and must be dismissed with prejudice. Finally, the Court finds that plaintiff has failed to state a cause of action against Exxon under the federal Fair Credit Reporting Act.

Therefore:

IT IS ORDERED that defendant's motion to dismiss or, in the alternative, for summary judgment be treated as a motion for summary judgment.

IT IS FURTHER ORDERED that Exxon's motion for summary judgment against Chube's suit for wrongful termination of employment be and it is GRANTED and this claim shall be DISMISSED without prejudice.

IT IS FURTHER ORDERED that Exxon's motion for summary judgment against Chube's state law claims for defamation and intentional infliction of emotional distress, and plaintiff's claim under the feder-

al Fair Credit Reporting Act be and it is GRANTED and the plaintiff's suit on these claims shall be DISMISSED with prejudice.

Judgment shall be entered accordingly.

---

**26.** 15 U.S.C. § 1681a(d).

**27.** In reaching this decision, the Court is not deciding whether or not a cause of action exists under the Act against a laboratory that conducts the drug test and then submits the findings of

that test to a party other than the employee. Regardless of the liability, if any, of the laboratory, no cause of action exists against the employer, Exxon, under the Fair Credit Reporting Act.