Mable COLLINS,

v.

Peter BRADLEY and American
Telephone and Telegraph,
Inc.

Civil Action No. 96–3136–B–M1.

United States District Court,
M.D. Louisiana.

Dec. 3, 1996.

Marble Collins, Baton Rouge, pro se.

Robert B. McNeal, Francis H. Brown, III, Frilot, Partridge, Kohnke & Clements, L.C., New Orleans, for Defendants.

## RULING ON PLAINTIFF'S MOTION TO REMAND

POLOZOLA, District Judge.

This matter is before the Court on the plaintiff's motion to remand. For the reasons which follow, the plaintiff's motion to remand is denied.

### FACTS & ANALYSIS

Plaintiff, Mable Collins, originally filed this suit for damages in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana against the defendants, Peter Bradley and American Telephone and Telegraph, Inc. ("AT & T"). AT & T filed a

timely notice of removal to this Court. The plaintiff subsequently filed a motion to remand the case to the 19th Judicial District.

Collins originally filed this suit against defendants under Louisiana law for wrongful termination and defamation. At the time she was terminated, plaintiff was subject to a collective bargaining agreement ("CBA") between AT & T and Communication Workers of America ("Union") Over a year after the grievance process ended, Collins filed this suit in state court.

 A defendant may remove a case to federal court if the federal court would have original jurisdiction at the time the suit was filed. The removing party bears the burden of establishing that jurisdiction exists.[1] In this case, the defendants contend that this Court has federal question jurisdiction because this action arises under the Labor Management Relations Act ("LMRA"), 1947, Section 301, 29 U.S.C. § 185(a).

In her memorandum in support of her motion to remand, plaintiff contends that she has not asserted a cause of action under 29 U.S.C. § 185(a). Therefore, plaintiff argues that this Court does not have jurisdiction in this case.[2]

A review of the complaint reveals that no where in the complaint does the plaintiff mention 28 U.S.C. § 185(a) or the Section 301 of the LMRA. Therefore, plaintiff contends that under the well-pleaded complaint rule, this Court does not have subject matter jurisdiction.

It is true that in *Caterpillar v. Williams*,[3] the United States Supreme Court stated that the well-pleaded complaint rule governs the issue of federal question jurisdiction. The Court held that a plaintiff's properly pleaded complaint governed the determination of whether a federal court had subject matter jurisdiction over plaintiff's suit. Thus, if Collins' complaint does not contain any issue of federal law, there is no federal question jurisdiction in this case if the Court would apply the well-pleaded rule without any of its exceptions.[4]

 There are exceptions, however, to the well-pleaded complaint rule. In *Avco Corp. v. Aero Lodge No. 735*,[5] the United States Supreme Court recognized an exception to the rule in those cases where federal law completely preempts state law. In such cases, the plaintiff's complaint must be interpreted as stating a federal cause of action. In *Avco*, the plaintiff sued in state court seeking an injunction against a labor strike. The defendant removed the case to federal court. The *Avco* Court held that removal was proper despite the fact that plaintiff's complaint did not mention section 301 of the LMRA. The Court stated that "[a]n action arising under § 301 is controlled by federal substantive law even though it is brought in a state court ... Removal is but one aspect of 'the primacy of the federal judiciary in deciding question of federal law.'"[6] In such cases, the courts have held that section 301 completely preempts state law which requires the courts to treat the plaintiff's complaint as one arising under federal law.[7]

 A preemption required by the LMRA occurs when a decision on a state cause of action is inextricably intertwined with consideration of the terms of the labor contract or when application of state law to disputes requires an interpretation of a

---

1. *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253–54 (5th Cir.1961).

2. Plaintiff argues that the court should "view only the words" of her petition. She contends that the present cause of action does not claim any federal remedy nor does it require an interpretation of the CBA. Plaintiff's motion to remand, ¶ 8.

3. 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

4. *Caterpillar*, 482 U.S. at 392, 107 S.Ct. at 2429.

5. 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968).

6. 390 U.S. at 560, 88 S.Ct. at 1237 (quoting *England v. Medical Examiners*, 375 U.S. 411, 415–16, 84 S.Ct. 461, 464–65, 11 L.Ed.2d 440 (1964)) (citation and footnotes omitted)

7. *See Aaron v. National Union Fire Ins. Co. of Pittsburg v. American Home Ins. Group*, 876 F.2d 1157, 1161 (5th Cir.1989) (citing *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968)).

CBA.[8] The United States Supreme Court has made it clear, however, that a state action will only be preempted if the elements which make up the plaintiff claim involve an interpretation of the collective bargaining agreement.[9] Furthermore, a claim will be considered independent of the collective bargaining agreement if the resolution of the state law claim turns on purely factual questions and does not pertain to the terms of the collective bargaining agreement.[10]

 The plaintiff in this case has asserted a state cause of action for wrongful termination and defamation. Thus, the main issue the Court must decide in this matter is whether the resolution of Collins' claim for wrongful termination and defamation requires an interpretation of or is intertwined with the CBA. For the reasons set forth by this Court in *Chube v. Exxon Chemical Americas,*[11] the Court finds that plaintiff's wrongful termination claim requires an interpretation of the collective bargaining agreement to determine whether the plaintiff's termination was wrongful. Therefore, the Court concludes that plaintiff's suit for wrongful termination is preempted by section 301. The Court also finds that for reasons set forth in *Chube,*[12] plaintiff's defamation claim is preempted by section 301.[13]

LMRA preemption of state law tort claims has been addressed numerous times by the federal courts. The United States Supreme Court noted in *Allis–Chalmers Corp. v. Lueck,*[14] that "Congress intended § 301 to preempt this kind of derivative tort claim ... [O]nly that result preserves the central role of arbitration in our 'system of industrial self-government.' "[15] A few years later, the United States Supreme Court in *International Brotherhood of Electrical Workers v. Hechler*[16] summarized the rule that is followed today—"when a state-law claim is substantially dependent on analysis of a collective bargaining agreement, a plaintiff may not evade the preemptive force of § 301 of the LMRA by casting the suit as a state-law claim."[17] The law in this area is clear. According to the Fifth Circuit, "employees may not resort to state tort or contract claims in substitution for their rights under the grievance procedure in a collective bargaining agreement."[18]

## CONCLUSION

The *Avon* exception to the well-pleaded complaint rule is applicable in this case. The plaintiff's complaint must be recatagorized as one that contains an issue that arises under federal law. Because the plaintiff's claims are governed by section 301 of the Labor Management Relations Act, the Court has subject matter jurisdiction in this case. Therefore, plaintiff's motion to remand must be denied.

Therefore:

**IT IS ORDERED** that plaintiff's motion to remand be and it is hereby **DENIED.**

8. *Lingle v. Norge Div., Magic Chef, Inc.* 486 U.S. 399, 406–07, 108 S.Ct. 1877, 1881–82, 100 L.Ed.2d 410 (1988); *Thomas v. LTV Corp.*, 39 F.3d 611 (5th Cir.1994).

9. *Lingle,* 486 U.S. at 399, 108 S.Ct. at 1877.

10. *Lingle,* 486 U.S. at 407–10, 108 S.Ct. at 1882–83.

11. 760 F.Supp. 557 (M.D.La.1991).

12. *Chube,* 760 F.Supp. at 559 (*citing Edelman v. Western Airlines, Inc.*, 892 F.2d 839, 844 (9th Cir.1989) ).

13. *See Bagby v. General Motors Corp.* 976 F.2d 919 (5th Cir.1992); *Strachan v. Union Oil Co.*, 768 F.2d 703 (5th Cir.1985) (both holding that various state law tort claims were preempted by

Section 301). *See also* Judge Livaudais' similar ruling in *Merchant v. Communications Workers of America,* 1993 WL 475480 (E.D.La.1993).

14. 471 U.S. 202, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985).

15. 471 U.S. 202, 219, 105 S.Ct. 1904, 1915, 85 L.Ed.2d 206 (citing United *Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 581, 80 S.Ct. 1347, 1352, 4 L.Ed.2d 1409 (1960)).

16. 481 U.S. 851, 107 S.Ct. 2161, 95 L.Ed.2d 791 (1987).

17. 481 U.S. at 859, 107 S.Ct. at 2167 n. 3.

18. *Strachan,* 768 F.2d at 704.