Mable COLLINS

v.

Peter BRADLEY and American
Telephone and Telegraph,
Inc.

Civil Action No. 96–3136–B–M1.

United States District Court,
M.D. Louisiana.

Dec. 3, 1996.

Mable Collins, Baton Rouge, LA, pro se.

Carlton L. Parhms, Monroe, LA, for plaintiff.

Robert B. McNeal, Francis H. Brown, III, Frilot, Partridge, Kohnke & Clements, L.C., New Orleans, LA, for AT&T, American Telephone and Telegraph, Inc.

## RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

POLOZOLA, District Judge.

This matter is before the Court on the defendant American Telephone and Telegraph's ("AT & T") motion for summary judgment. After consideration of the entire record, the Court grants defendants' motion.

## FACTS & PROCEDURE

Plaintiff originally filed a petition seeking damages for wrongful termination and defamation in the 19th Judicial District, Parish of East Baton Rouge, State of Louisiana. Named as defendants were Peter Bradley,[1] who has not been served with process, and AT & T. AT & T timely removed this suit to this Court. Plaintiff subsequently filed a motion for remand that was denied by this Court. Having found that the Court has subject matter jurisdiction, the Court must now consider AT & T's motion for summary judgment.

Collins was an employee of AT & T for over 24 years. AT & T contends that she was terminated on October 5, 1992, because she improperly reported and was paid for working numerous days when she was actually absent from work. At the time of her termination, Collins was subject to a collective bargaining agreement ("CBA") between AT & T and Communication Workers of America ("Union").[2]

The CBA sets forth plaintiff's rights and remedies for work related complaints of unfair treatment, unfair employment conditions and wrongful discharge.[3] The agreement outlines a three-step grievance process.[4] The CBA indicates that if the three-step grievance procedure does not settle the differences between the Union and AT & T, the Union may invoke arbitration or mediation.[5] This process is the exclusive forum for grievances of an employee. Article 9 of the CBA states:

> The Company [AT & T] and the Union recognize and confirm that the grievance procedures set forth in Article 9, and, where applicable, Article 10 (Arbitration) and Article 11 (Mediation), provide the mutually agreed upon and exclusive forums for resolution and settlement of employee disputes during this term of this Agreement. A grievance is a complaint involving the interpretation or application of any of the provisions of this Agreement, or a complaint that an employee(s) has in any manner been unfairly treated.[6]

The Union represented Collins through all three steps of the grievance process.[7] On April 20, 1994, the Union withdrew its request for arbitration and closed its file. On April 26, 1995, more than one year after the union withdrew its request for arbitration, Collins sued AT & T and her supervisor, Bradley, in state court for wrongful termination and defamation.

AT & T asserts that summary judgment is proper in this case because of the following: (1) plaintiff's state law claims are preempted by federal labor law; (2) plaintiff's petition for damages fails to state a federal cause of action against AT & T; and (3) plaintiff's

---

1. Since it has been more than 120 days since this suit was filed and no service has been made on Peter Bradley, the Court finds that he should be dismissed as a defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure.

2. Exhibit 4, Defendant's motion for summary judgment. Said agreement was dated May 31, 1992.

3. Exhibit 4, Articles 9–11.

4. Exhibit 4, Article 9.

5. Exhibit 4, Articles 10.10 & 11.

6. Exhibit 4, Article 9, p. 17.

7. On January 15, 1993 AT & T denied step-one grievances. Again, on March 30, 1993, AT & T denied step-two grievances. Finally on September 17, 1993, AT & T denied grievances at the third level.

claim of breach of duty of fair representation is time-barred.[8]

## SUMMARY JUDGMENT

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." [9]

The well-established criteria that there must be no *genuine* issue of *material* fact before summary judgment will issue insures that a properly supported motion will not be defeated simply by the "existence of *some* alleged factual dispute." [10] In determining the "materiality" of facts, it is necessary to refer to the underlying substantive law.[11] It is only those factual disputes that might affect the action's outcome under governing law which can properly preclude summary judgment. Disputes over facts which have no effect on the motion's resolution are irrelevant.[12] Even if a fact is material, a factual dispute will not prevent summary judgment if the dispute is not "genuine." Such a conclusion is reached when the evidence could not lead a rational trier of fact to return a verdict for the non-moving party.[13] In examining the record, the Court will view the evidence and draw all reasonable inferences therefrom in favor of the non-moving party.[14]

■ The moving party bears the initial burden of establishing that there is no genuine issue of material fact.[15] Where the moving party does not bear the burden of proof on the issue at trial, the movant may discharge its burden by simply informing the Court of the basis for its motion and either producing evidence that negates the existence of a material element in the non-moving party's claim or defense or identifying to the Court those portions of the record which demonstrate the lack of proof supporting a crucial element of the non-movant's case.[16]

Once the moving party makes the proper showing, the burden shifts to the non-moving party to designate "specific facts" in the record, by way of non-conclusory affidavits, depositions, answers to interrogatories or admissions on file, which evidence that there is a genuine issue for trial.[17] Because it bears the ultimate burden of proof at trial, the non-moving party is required to establish each element crucial to its action "since a complete failure of proof concerning an essential element of the non[-]moving party's case necessarily renders all other facts immaterial." [18] The non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings and "must do more than simply show there is some metaphysical doubt as to the material facts." [19] When all the evidence presented by both parties "could not lead a rational trier of fact to find

---

8. Defendant's memorandum in support for motion for summary judgment, p. 1–2.

9. Fed R. Civ P. 56(c). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Cormier v. Pennzoil Exploration & Prod. Co.*, 969 F.2d 1559, 1560 (5th Cir.1992).

10. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)

11. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.

12. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.

13. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. *See also Kelley v. Price–Macemon, Inc.*, 992 F.2d 1408, 1413 (5th Cir.1993) ("If, on the other hand, the factfinder [sic] could reasonably find in [favor of the non-moving party], then summary judgment is improper.").

14. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513; *Newport Ltd. v. Sears, Roebuck & Co.*, 6 F.3d 1058, 1064 (5th Cir.1993).

15. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

16. *Celotex*, 477 U.S. at 323–24, 106 S.Ct. at 2553; *Latimer v. Smithkline & French Labs., a Div. of Smithkline Beckman Corp.*, 919 F.2d 301, 303 (5th Cir.1990); *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990).

17. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553; *Kelley v. Price–Macemon, Inc.*, 992 F.2d at 1413.

18. *Celotex*, 477 U.S. at 322–23, 106 S.Ct. at 2552.

19. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

for the non-moving party, there is no 'genuine issue for trial' " and summary judgment is proper.[20]

## ANALYSIS

A review of the record reveals that summary judgment is proper in this case. Plaintiff's state law claims are preempted by Federal labor law. Even if the plaintiff could make out a prima facie federal claim under Section 301 of the LMRA,[21] plaintiff's claim is time-barred.

### Plaintiff' state law claims are preempted by federal labor law

■ In this Court's ruling on plaintiff's motion to remand,[22] the Court found that plaintiff's state law claims for wrongful termination and defamation were preempted by Labor Management Relations Act ("LMRA"), 1947, Section 301, 29 U.S.C. § 185(a).[23]

■ Preemption by the LMRA occurs when a decision on a state cause of action is inextricably intertwined with a consideration of the terms of a labor contract or when application of state law to the disputes requires an interpretation of a CBA.[24] While addressing the issue of whether section 301 preempts state law tort claims, the United States Supreme Court declared in Allis–Chalmers Corp. v. Lueck,[25] that "Congress intended § 301 to preempt this kind of derivative tort claim ... [O]nly that result preserves the central role of arbitration in our system of industrial self-government.' "[26] The Fifth Circuit has held that the law is clear that "employees may not resort to state tort or contract claims in substitution for their rights under the grievance procedure in a collective bargaining agreement."[27]

For the reasons set forth above and for reasons previously stated by this Court in its ruling denying plaintiff's motion to remand, the Court finds that the plaintiff's state law tort claims are preempted.

### Any claim plaintiff may have for breach its duty of fair representation is time-barred

■ The Court must now determine whether plaintiff's claims are time-barred. Section 301 of the LMRA provides an employee with a federal cause of action against his employer for breach of a collective bargaining agreement[28] and against a labor union for breach of duty of fair representation.[29] These two cause of actions have become known as a "hybrid section 301/fair representation" suit because of the intricate relationship between the enforcement of the CBA and the duty of fair representation.[30]

20. *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356.

21. This Court does not have to reach the issue of whether a prima facie case for breach of the duty of fair representation has been met in this case.

22. The Court relied on its earlier decision of *Chube v. Exxon Chemical of Americas*, 760 F.Supp. 557 (M.D.La.1991) to support its decision which denied plaintiff's motion to remand. *Collins v. Bradley*, 962 F.Supp. 854 (M.D.La. 1996).

23. *See Bagby v. General Motors Corp.* 976 F.2d 919 (5th Cir.1992); *Strachan v. Union Oil Co.*, 768 F.2d 703 (5th Cir.1985) (both holding that various state law tort claims were preempted by Section 301). See also Judge Livaudais' opinion in *Merchant v. Communications Workers of America*, 1993 WL 475480 (E.D.La.1993).

24. *Lingle v. Norge Div., Magic Chef, Inc.* 486 U.S. 399, 406–07, 108 S.Ct. 1877, 1881–82, 100 L.Ed.2d 410 (1988).

25. 471 U.S. 202, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985).

26. 471 U.S. at 219, 105 S.Ct. at 1915 (citing *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 581, 80 S.Ct. 1347, 1352, 4 L.Ed.2d 1409 (1960)).

27. *Strachan*, 768 F.2d at 704.

28. 29 U.S.C. § 185(a); *Smith v. Evening News Assoc.*, 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962).

29. *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967).

30. *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 164–65, 103 S.Ct. 2281, 2290–91, 76 L.Ed.2d 476 (1983); *Reed v. United Transp. Union*, 488 U.S. 319, 328, 109 S.Ct. 621, 627, 102 L.Ed.2d 665 (1989); *See also Bache v. American Telephone and Telegraph*, 840 F.2d 283 (5th Cir.1988)

Collins' claims that the union breached of their duty of fair representation.[31] In her memorandum opposing the defendant's motion for summary judgment, the plaintiff re-hashes arguments that were at issue during the year the plaintiff went through the grievance process. Counsel for plaintiff seems to set forth new allegations based on their recent deposition of Bradley. The memorandum provides in part:

Bradley's deposition has changed the entire posture of the case at bar from a case where plaintiff was wrongfully accused primarily due to flawed office practices and procedures, to a case where plaintiff's demise and subsequent termination seemed to be calculated and conspired by two of her co-workers workers ... and her supervisor.[32]

Regardless of this new discovery, plaintiff is attempting to revisit the issues that were the subject of the grievance process that she participated in for over a year. The only claim that is now pending before this Court is a hybrid section 301 claim. To prevail against either the company or the union, the plaintiff must show that her discharge was contrary to the contract and that the union breached it's duty.[33]

█ Generally, petitioners are not entitled to re-litigate their case simply because they offer new evidence that they were fired without cause according to the United States Supreme Court in *Hines v. Anchor Motor Freight, Inc.*[34] However, one exception to this rule arises where the claimant has a cause of action for breach of the duty of fair representation. The Court stated:

The grievance processes cannot be expected to be error-free.The finality provision has sufficient force to surmount occasional instances of mistake. But it is quite another matter to suggest that erroneous arbitration decision must stand even though employee's representation by the Union has been dishonest, in bad faith and discriminatory ... [35]

Thus, only if Collins asserts a valid cause of action for breach of the duty of fair representation will these new focus arguments be considered. However, this Court finds that the time period during which the plaintiff must file such an action has passed.

For the first time, in her opposition to the defendant's motion for summary judgment, the plaintiff has characterized her claim as a breach of the duty of fair representation.[36] Even if the plaintiff has satisfied her burden in asserting this cause of action, this claim must be dismissed because it is time-barred. Section 10(b) of the National Labor Relations Act provides that the applicable statute of limitations for hybrid section 301 claim is six months.[37] In *DelCostello v. International Brotherhood of Teamsters*,[38] the United States Supreme Court held that a six-month statute of limitations applies to any employee's suit under section 301 of the LMRA. Counsel for plaintiff concedes that the time limit is six months and that his client's suit is not timely under this rule. He urges this Court, however, to find some type of "good cause" exception for this case.

Plaintiff relies on *Patterson v. Brady*[39] to support her contention that a exception

**31.** This is a claim against the union for breach of its duty of fair representation during the grievance process as opposed to the second part of the hybrid claim alleging that the employer violated the CBA. This Court recognizes, however, while this seems to be the claim that is asserted, the plaintiff did not sue the Union. This Court may, nevertheless, decide this issue. *See Thomas v. LTV Corp.*, 39 F.3d 611, 621 (*citing DelCostello*, 462 U.S. at 165, 103 S.Ct. at 2291).

**32.** Plaintiff's memorandum in opposition to defendants motion for summary judgment, p. 3.

**33.** *DelCostello*, 462 U.S. at 166, 103 S.Ct. at 2291.

**34.** 424 U.S. 554, 571, 96 S.Ct. 1048, 1059, 47 L.Ed.2d 231 (1976).

**35.** *Hines*, 424 U.S. at 571, 96 S.Ct. at 1059.

**36.** Plaintiff's memorandum in opposition for summary judgment, p. 10. The memorandum states: "CWA did in fact breach its duty of representation to plaintiff ... Certainly this was a case that warranted arbitration."

**37.** 29 U.S.C. § 160(b). See also *Thomas v. LTV Corp.*, 39 F.3d 611 (5th Cir.1994).

**38.** 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476.

**39.** 131 F.R.D. 679 (S.D.Ind.1990).

should be recognized in this case. The *Patterson* case, however, dealt with a specific "good cause" exception in Rule 4(j) of the Federal Rules of Civil Procedure. There is no such exception to the time limitations for the hybrid section 301/fair representation claim that Collins has asserted. Furthermore, this Court does not believe an exception should be created under the facts of this case.

Under the clearly established jurisprudence and the facts of this case, the Court finds that plaintiff's claim is time-barred. Plaintiff was terminated in October, 1992. She began proceeding with the grievance process in January, 1993, while represented by the Union in accordance with the CBA. On September 17, 1993, AT & T denied grievances at the third level. On April 20, 1994, the Union withdrew its request for arbitration and closed its file. Plaintiff filed her suit in state court over a year later on April 26, 1995. Collins spent over one year proceeding in the grievance process and then sat idle for a year before filing her state court action. Based on the facts of this case, the Court has no authority to recognize an exception to the six-month statute of limitations that applies in this case.

### CONCLUSION

The plaintiff's state law claims are preempted by the LMRA. Furthermore, her federal claim has not been timely filed. There are no material issues of fact in dispute that preclude the Court from granting defendant's motion for summary judgment.

After considering the entire record, this Court finds that the evidence could not lead a rational trier of fact to find for the plaintiff. Therefore, the Court finds that AT & T is entitled to summary judgment as a matter of law.[40]

Therefore:

**IT IS ORDERED** that the AT & T's motion for summary judgment be and it is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that the defendant Bradley be dismissed because of plaintiff's failure to timely serve him in accordance with Rule 4 of the Federal Rules of Civil Procedure.

Judgment shall be entered dismissing this suit with prejudice.

---

**40.** *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322– 23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).